**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Kimberly Renee Hibbs, | No. CV-22-01199-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Claimant Kimberly Renee Hibbs filed an application for Social Security Disability Insurance benefits on December 23, 2019, alleging that she became disabled on October 11, 2019. (AR. 17.) The agency denied her claim initially and again on reconsideration. (AR. 17.) After an administrative hearing, an administrative law judge ("ALJ") issued a written decision on June 3, 2021, denying Claimant's application. (AR 27.) This decision became the final decision of the Commissioner of the Social Security Administration ("Commissioner") on May 23, 2022, when the Appeals Council denied Claimant's request for review. (AR. 1–6.) Claimant now seeks judicial review of this determination under 42 U.S.C. § 405(g).

I.      **Legal Standard**

The Court reviews only those issues raised by the party challenging the ALJ's decision*, see Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001), and may set aside the decision only if it is not supported by substantial evidence or is based on legal error, *Orn*

*v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

        To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R § 404.1520(a)(4)(i). If so, the claimant is not disabled, and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled, and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled, and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

**II.    Analysis**

        The ALJ found: (1) Claimant has not engaged in substantial gainful activity since her alleged disability onset date; (2) Claimant's severe impairments are hypothyroid

disorder, glaucoma, a history of corneal ulcer, degenerative disc disease, scoliosis, and lumbar spondylosis; (3) Claimant's impairments do not meet or medically equal a listed impairment; (4) Claimant has the RFC to perform medium work as defined in 20 C.F.R. § 404.1567(c), except she can only frequently stoop, kneel, crouch, crawl, and climb ramps and stairs, occasionally climb ladders, ropes, and scaffolds, and cannot perform work requiring depth perception; and (5) based on that RFC, Claimant could perform her past relevant work as a sales representative. (AR. 20–26.) Consequently, the ALJ determined that Claimant is not disabled. (AR. 27.)

Claimant argues that the ALJ erred in two ways: (1) by rejecting Claimant's symptom testimony; and (2) by acknowledging severe impairments for Claimant's right eye but finding no functional limitations beyond depth perception. (Doc. 14 at 1.) The Court addresses each argument in turn.

### A. Claimant's Symptom Testimony

The ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (quotations and citation omitted). If so, and absent evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* at 1014–15 (quotation and citation omitted). When performing this analysis, the "ALJ may engage in ordinary techniques of credibility evaluation, such as considering the claimant's reputation for truthfulness and inconsistencies in the claimant's testimony," but she may not reject a claimant's testimony "based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

This Court will uphold the ALJ's decision so long as she has provided legally sufficient reasons for rejecting the claimant's testimony, even if the ALJ did not "clearly

1   link [her] determination to those reasons." *Lewis*, 236 F.3d at 512; *see also Alaska Dep't*

2   *of Env't Conservation v. EPA*, 540 U.S. 461, 497 (2004) ("Even when an agency explains

3   its decision with less than ideal clarity, a reviewing court will not upset the decision on that

4   account if the agency's path may reasonably be discerned.") (quotations and citation

5   omitted).

6       Claimant testified to severe pain in her right eye because of her glaucoma and her

7   corneal ulcer. In particular, she testified to having severe pain in her right eye when in

8   bright light, that she was blind in her right eye, that she had tried a patch, contact and a cup

9   patch, and to experiencing extreme pressure in the eye. Claimant testified that her left eye

10  did not have any problems. (AR. 23, 381–82, 390; *see also* Doc. 14 at 16.) Claimant also

11  testified that pain from her arthritis and scoliosis limits her to sitting for less than half an

12  hour, standing approximately forty-five minutes, and walking about one-eighth of a mile.

13  [1] (AR. 23, 381–82, 389; *see also* Doc. 14 at 16.) The ALJ concluded that Claimant

14  presented medical evidence of multiple impairments which could reasonably be expected

15  to produce the alleged symptoms but determined that the Claimant's statements regarding

16  the "intensity, persistence, and limiting effects of these symptoms are not entirely

17  consistent with the medical evidence and other evidence in the record[.]" (AR. 23.) The

18  ALJ presented two reasons for discounting Claimant's testimony regarding her pain.

19      First, the ALJ found that Claimant's symptom testimony is undermined by her daily

20  activities. The ALJ may consider "whether the claimant engages in daily activities

21  inconsistent with the alleged symptoms" in evaluating the claimant's testimony.

22  *Lingenfelter v. Astrue,* 504 F.3d 1028, 1040 (9th Cir. 2007). Substantial evidence supports

23  the ALJ's conclusion that Claimant engaged in daily activities inconsistent with the alleged

24  severity of her symptoms. For example, the ALJ noted that Claimant cares for family

25

26  [1] Claimant cursorily argues that the ALJ improperly discounted her testimony
    concerning her mental health. (Doc. 14 at 14.) Claimant does not, however, explain what
27  additional functional limitations the ALJ would have been required to assess had she not
    discounted this aspect of Claimant's testimony. Because Claimant has not explained how
28  the ALJ's evaluation of her testimony concerning her mental health adversely impacted the
    RFC determination, any error in this regard would be harmless. The Court consequently
    does not address this aspect of Claimant's symptom testimony.

1    members, shops for groceries, reads, and manages her own finances.[2] (AR. 25, 379, 390.)

2    Claimant also testified that she drives two to three times a week and that her doctors have

3    placed no restrictions on her driving. (AR. 379.) The ALJ reasonably concluded that being

4    able to drive and not having medical restrictions on driving supports undermines

5    Claimant's testimony about the severity of her right eye's photosensitivity and being able

6    to sit for only thirty minutes.

7          Second, the ALJ found that Claimant's testimony was inconsistent with the medical

8    evidence and treatment records. (AR. 23–24.) With respect to Claimant's right eye, the

9    ALJ found that her issues were "significantly improved with Proparacaine drops" and that

10   in treatment records she had "described her vision as 'good' and reported her vision was

11   'gradually improving.'" (AR. 24, 696, 892.) Further, the ALJ noted that Claimant might be

12   undergoing another procedure for her right eye, and there is no indication that it would not

13   resolve her symptoms. (AR. 24, 1124.) As for Claimant's back pain, the ALJ noted that a

14   physical examination demonstrated Claimant had "normal movement of all extremities,

15   5/5 strength of all muscle groups, and a normal gait and stance." (AR. 24, 784.) The ALJ

16   also observed that trigger point injections and physical therapy brought significant relief,

17   and even Tylenol provided appropriate relief for Claimant's pain. (AR. 24, 882.)

18   Impairments that can be adequately controlled with medication and treatment are not

19   disabling. *See Warre v. Commissioner of Social Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir.

20   2006).

21         In sum, the ALJ articulated two legally sufficient reasons for discounting Claimant's

22   symptom testimony related to her right eye and back pain, and substantial evidence

23   supports the ALJ's conclusions.

24

---

25   [2] The ALJ also noted that Claimant travels out of state and performs household
26   chores, but the Court does not find substantial evidentiary support for the conclusion that
     these activities undermine Claimant's symptom testimony. The record indicates that
     Claimant has not traveled out of the state since her disability began, and Claimant testified
27   that her chores are limited to dusting. (AR. 389–90.) Any deficiencies in the ALJ's analysis
     as it relates to these activities, however, are harmless because the ALJ relied on other daily
28   activities that reasonably may be viewed as inconsistent with Claimant's testimony, and
     also articulated a second, independent rationale for discounting Claimant's testimony.

**B.  Functional Limitations Associated with Glaucoma and Corneal Ulcer**

Claimant contends that the ALJ erred by concluding her vision impairments resulted in work limitations related only to depth perception, and not including further photosensitivity limitations. (Doc. 14 at 9–10.) Claimant argues that the ALJ should have assessed additional functional capacity limitations and points to four medical records for support.

Although these medical records support the existence of photosensitivity in Claimant's right eye, the record contains inconsistent evidence regarding the severity of that photosensitivity. At some points, the record indicates severe photosensitivity which would make it difficult to work, and at others it describes only "occasional irritation and stinging." (AR. 804, 1124.)

The ALJ is responsible for resolving these sorts of conflicts and ambiguities. *Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020). In concluding that Claimant's glaucoma and corneal ulcer limited only her depth perception, the ALJ relied on substantial evidence. As noted above, the ALJ properly discounted Claimant's testimony about the intensity of her right eye pain, relying in part on Claimant's ability to read and drive without substantial pain. (AR. 24.) Further, the ALJ relied on medical records indicating Claimant's problems with blurred vision and photosensitivity were "gradually improving." (AR. 892.) Claimant testified to no issues with her left eye, and the ALJ found that her right eye pain was being adequately managed medically. (AR. 22–24, 390, 696, 840, 892.) Therefore, the ALJ's determination that Claimant's right eye pain only limited her depth perception was rational and based on substantial evidence. (AR. 22–24, 403.) Although Claimant advances for a more favorable interpretation of the evidence, "[w]here evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch*, 400 F.3d at 679.

/ / /

/ / /

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IT IS ORDERED** that the ALJ's decision is **AFFIRMED.** The Clerk is directed to enter judgment accordingly and terminate the case.

Dated this 17th day of April, 2024.

Douglas L. Rayes
United States District Judge